UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-80022-CV-Marra/Matthewman

ROY J. DIXON, JR. and BLANCHE L. DIXON,

    Plaintiffs,

vs.

BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, LP,

    Defendant.

_____/



FILED BY ___ D.C.

AUG 09 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MOTION TO QUASH SUBPOENA [DE 70]

**THIS CAUSE** is before the Court upon non-party Federal National Mortgage Association's ("Fannie Mae") Motion to Quash Subpoena ("Motion") [DE 70]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 71.

### I. Background

On July 26, 2019, the Court entered an Order [DE 72], stating that Fannie Mae was not required to produce any documents in response to the subpoena until the Motion was fully briefed and the Court had the opportunity to rule on the Motion by further Order. The Court stayed any production pursuant to the subpoena pending the completion of briefing and further Court Order. *Id.*

Thereafter, the *pro se* Plaintiffs, Roy J. Dixon, Jr., and Blanche L. Dixon ("Plaintiffs") filed a Response and Memorandum of Law in Opposition to Third Party Fannie Mae's Motion to Quash Subpoena for Production of Documents [DE 75]. Plaintiffs also filed the Declaration of Roy J.

1

Dixon Jr. [DE 76] in support of their Response. No timely reply was filed; however, Fannie Mae filed a "Response to This Court's July 26, 2019 Order Regarding Non-Party's Motion to Quash Subpoena [DE 70] and Staying Production Pursuant to the Subpoena Pending Further Court Order [Docket No. 72]." [DE 80]. This matter is now ripe for review as the Court has carefully reviewed the Motion, Response, and Declaration, as well as the entire docket in this case.

## II. <u>Analysis</u>

Upon careful consideration, the Court finds that Fannie Mae's Motion is due to be denied on the following grounds.

(A) <u>Rule 26(f) does not prevent Plaintiff's subpoena.</u>

First, Fannie Mae argues that the subpoena was improperly issued before the parties in the case had conferred as required by Rule 26(f). However, Rule 26(d)(1) states as follows: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26. "Plaintiff may conduct discovery before a Rule 26(f) discovery conference if the Court finds that good cause exists for the discovery." *Manny Film, LLC v. Doe*, No. 15-80306-CIV, 2015 WL 2411201, at *1 (S.D. Fla. May 20, 2015); Fed. R. Civ. P. 26(b).

Here, the case has been pending for approximately seven months, and, according to Plaintiffs' Response [DE 75, p. 2] and the attachments thereto, Plaintiffs have been attempting to obtain their mortgage loan records since March 2017. The Court finds good cause for the issuance of a subpoena before the Rule 26(f) conference, which does not appear to have even been ordered to take place yet.

(B) <u>The subpoena was not improperly served.</u>

Second, Fannie Mae contends that the subpoena should be quashed because it was not properly served. In its Motion, Fannie Mae also acknowledges that courts are generally split on the issue of whether Rule 45 requires subpoenas to be personally served. [DE 70, p. 2, f.n. 1]. Fannie Mae explains that, "[w]hile several recent decisions of this Court have held that subpoenas may be served via means other than personal service, most of these decisions are either upon a motion by the serving party or involve multiple attempts by the serving part[y] to effect personal service, neither of which is applicable in this matter." *Id.*

There is clearly conflicting authority on the issue of whether personal service of a subpoena is required. *See Rainey v. Taylor*, No. 18-24802-MC, 2019 WL 1922000, at *2 (S.D. Fla. Apr. 30, 2019). However, recent decisions in this District have found that Rule 45 does not require personal service, but it does require service that is reasonably calculated to ensure actual receipt of the subpoena. *See e.g., TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019); *Rainey v. Taylor*, 2019 WL 1922000, at *2; *Bozo v. Bozo*, No, 2013 WL 12128680, at *1-2 (S.D. Fla. Aug. 16, 2013).

Here, the subpoena was addressed to the executive vice president of Fannie Mae, and the certified mail receipt was signed by Tujuanna Williams, a vice president at Fannie Mae. The Court finds that, as a vice president at Fannie Mae actually signed for the certified mail that contained the subpoena, the service of the subpoena was clearly reasonably calculated to ensure actual receipt of the subpoena. Moreover, the subpoena made its way to Fannie May's legal counsel, who then filed the pending Motion. The Court will not place form over substance and quash the subpoena on the grounds that it was improperly served, especially when Plaintiffs are representing themselves *pro se*.

(C) <u>There is insufficient evidence that Plaintiffs issued the subpoena to harass Fannie Mae and delay the litigation.</u>

Third, Fannie Mae contends that Plaintiffs "have admitted in their filings herein that they have reached out to Fannie Mae on multiple occasions for documents and Fannie Mae has replied on multiple occasions.... As such, the Subpoena is simply another act to harass Fannie Mae and prolong the Dixons' litigation." [DE 70, p. 2]. It does appear based on some of the allegations in Plaintiffs' Amended Complaint [DE 4] and based on some of Plaintiffs' representations in their Response to the Motion [DE 75, p. 2], that Plaintiffs have sought some documents from Fannie Mae in the past. Plaintiffs sought those documents through more informal communications with Fannie Mae and through Freedom of Information Act requests. It appears to the Court that Plaintiffs' previous attempts to obtain documents from Fannie Mae involved a slightly different universe of documents than are sought in the instant subpoena. Therefore, it is not clear whether Fannie Mae is in possession of the documents sought in the instant subpoena or not. Moreover, there is insufficient evidence to support a finding by this Court that Plaintiffs issued the subpoena to harass Fannie Mae or delay this proceeding.

(D) <u>The issue of relevancy and proportionality under Rule 26(b)(1) has been waived.</u>

The Court has some doubts about whether the subpoenaed information is actually relevant and proportional in light of the allegations in the Second Amended Complaint. However, Fannie Mae makes no argument in its Motion that the subpoena is overly broad, is unduly burdensome, or that it seeks irrelevant or disproportionate information. By failing to raise such issues, they are deemed waived by Fannie Mae. Furthermore, Defendant has sat absolutely silent and has not lodged any objections whatsoever to the subpoena. Therefore, Defendant has waived any relevancy or proportionality objections. Therefore, even though the Court has some relevancy and

proportionality concerns regarding the subject matter sought by the subpoena, the Court will not quash the subpoena on lack of relevancy or disproportionality grounds. If the non-party or Defendant wanted the issue of relevancy or proportionality under Rule 26(b)(1) to be decided by the Court, it was their burden to raise the issue.

(E) <u>Fannie Mae's request for this Court to stay a decision on the Motion to Quash is rejected.</u>

In Fannie Mae's August 5, 2019 Response to this Court's July 26, 2019 Order [DE 80], Fannie Mae requests that "should the Court be inclined to deny Fannie Mae's Motion to Quash…it hold such a decision until it has ruled on BANA's motion to dismiss. If, of course, the Current Complaint is dismissed, the Subpoena is moot." *Id.* at p. 3. The Court hereby rejects Fannie Mae's request. Fannie Mae, as a non-party, has no standing to request a stay of discovery, and Defendant has not so moved in a timely manner. Moreover, the Court does not want to delay the discovery process any further. Accordingly, this Court will not stay its decision until after the motion to dismiss is decided.

### III. <u>Conclusion</u>

In light of the foregoing, it is hereby **ORDERED** that Federal National Mortgage Association's Motion to Quash Subpoena [DE 70] is **DENIED**. Federal National Mortgage Association shall produce the documents responsive to the subpoena to Plaintiffs on or before **August 20, 2019**. If Fannie Mae discovers upon investigation that it has no responsive documents in its possession as to some or all of the categories sought by Plaintiffs in the subpoena, it shall specifically notify Plaintiffs. The Court also hereby puts Plaintiffs and all parties on notice that they are required to comply with Rule 26(b)(1), the Local Rules of this Court, and the Court's Order Setting Discovery Procedure [DE 74] throughout the discovery process.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiffs, Roy J. Dixon, Jr., and Blanche L. Dixon, at 163 Riviera Court, Royal Palm Beach, FL 33411.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of August, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE