UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-80022-CIV-Marra/Matthewman

ROY J. DIXON, JR. and BLANCHE L. DIXON,

    Plaintiffs,

vs.

BANK OF AMERICA, N.A., as successor by
merger to BAC HOME LOANS SERVICING, LP,

    Defendant.
_____/



FILED BY ____ D.C.

OCT 01 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# OMNIBUS ORDER REGARDING *IN CAMERA* REVIEW OF FANNIE MAE DOCUMENTS AND DENYING PLAINTIFFS' MOTION TO COMPEL [DE 92]

**THIS CAUSE** is before the Court upon Plaintiffs, Roy J. Dixon Jr. and Blanche L. Dixon's ("Plaintiffs") Motion for In Camera Review [DE 91] and Plaintiffs' Motion to Compel [DE 92]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 71.

## BACKGROUND

On July 8, 2019, Plaintiffs issued a subpoena *duces tecum* to Fannie Mae. [DE 70-1]. Thereafter, Fannie Mae filed a Motion to Quash Subpoena [DE 70]. On August 9, 2019, the Court entered an Order Denying Federal National Mortgage Association's Motion to Quash Subpoena [DE 82]. The Court ordered that Fannie Mae produce documents responsive to Plaintiffs on or before August 20, 2019. *Id.* at p. 5. Fannie Mae, through its counsel, responded to the subpoena *duces tecum* by email on August 20, 2019. [DE 92, p. 1].

1

## PLAINTIFFS MOTION FOR IN CAMERA REVIEW

On August 28, 2018, Plaintiffs filed their Motion for In Camera Review [DE 91]. Plaintiffs request that the Court conduct *in camera* review of the 118 redacted records produced to them by Fannie Mae and then find that Fannie May has "intentionally, engaged in discovery misconduct in willfully [sic] defiantly [sic] of the Court's August 9, 2019 Order." *Id.* at p. 1. Plaintiffs also request sanctions against Fannie Mae. *Id.* at p. 2.

In response, Fannie Mae explains that it produced to Plaintiffs 183 pages of documents responsive to the subpoena. [DE 98, p. 1]. Fannie Mae contends that pages 52-170 were redacted in whole or in part because information regarding other loans has "no remote relevance to the issues in this civil proceeding." *Id.* at p. 2. Fannie Mae argues that it "has been truthful about the contents of the redacted documents and resents the Dixons' implication that it is lying to him [sic]" and states that it has no objection to the Court reviewing the documents *in camera*. *Id.* at p. 3. Finally, Fannie Mae argues that Plaintiffs, who are representing themselves *pro se* in this matter, "do not have the same incentives as licensed attorneys to preserve the confidentiality of hundreds of other consumers' financial information." *Id.*

In reply, Plaintiffs first represent that Fannie Mae only emailed 170 pages of documents to them, so 13 pages must be missing. [DE 100, p. 1]. Next, Plaintiffs contend that Fannie Mae is covering up its mistake by claiming that its reference to "183 documents" in its Response [DE 98] was a scrivener's error. *Id.* at p. 2. Plaintiffs seek to "review the unredacted pages in camera with this Court to see whether the redacted information is relevant to the Plaintiffs' mortgage loan and should be, not be redacted." *Id.*

As an initial matter, before Plaintiffs' motions were fully briefed, Fannie Mae emailed the

2

documents for *in camera* review on September 6, 2019, and mailed the same documents to chambers on September 5, 2019. Fannie Mae should not have provided the documents to the undersigned's chambers before the Court had the opportunity to rule on Plaintiffs' Motion for In Camera Review. Generally, the Court will not review documents *in camera* unless it has first entered an Order requiring submission of documents for *in camera* review. This is because *in camera* review is time-consuming and is not always appropriate. However, in this specific case, where Fannie Mae is a non-party trying to quickly resolve the issue, where Plaintiffs are representing themselves *pro se*, and where Plaintiffs strongly distrust Fannie Mae, the Court finds it appropriate to grant Plaintiffs' Motion for In Camera Review and review the documents that have already been delivered.

Thus, the sole substantive issue before the Court is whether the sections of the documents provided for *in camera* that were redacted in the copies provided to Plaintiffs are relevant to this case. Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit. It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules. Fed. R. Civ. P. 26(b)(1).

"The respondent bears the burden of establishing a lack of relevancy or some other basis for resisting production." *Glatter v. MSC Cruises S.A.*, No. 18-62219-CIV, 2019 WL 1300896, at *2 (S.D. Fla. Feb. 7, 2019); *see also Stolfat v. Equifax Info. Servs., LLC*, No. 19-80428-CV, 2019

3

WL 3779778, at *3 (S.D. Fla. Aug. 12, 2019); *Broadbandone, Inc. v. Host.net, Inc.*, No. 12-80604-CIV, 2013 WL 12096358, at *1 (S.D. Fla. May 30, 2013); *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV-Gold, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001). In other words, the respondent "must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure." *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, at *2 (S.D. Fla. May 22, 2007) (citing *Giardina v. Lockheed Martin Corp.*, No. Civ. A. 02-1030, 2003 WL 21276348 (E.D. La. May 30, 2003); *Gober v. City of Leesburg*, 197 F.R.D. 519 (M.D. Fla. 2000)).

The Court has carefully reviewed the unredacted documents provided by Fannie Mae *in camera* and has also carefully reviewed the redacted version of the documents that Fannie Mae provided to chambers in response to a request from the Court. *See* DE 101. The Court finds that the redacted portions of the documents are irrelevant to the claims and defenses in this case. The documents appear to be one large report run by Fannie Mae, and the report clearly contains several different addresses from the same "pool number." Only one of the many addresses has any relationship to Plaintiffs. Fannie Mae has met its burden of establishing lack of relevance as to all but unredacted sections of the documents already provided to Plaintiffs. In other words, only certain sections of pages Bates-stamped 000052 and 00125 contain relevant information, and those sections were properly produced to Plaintiffs.

## **PLAINTIFFS MOTION TO COMPEL**

On August 28, 2019, Plaintiffs also filed a Motion to Compel [DE 92]. According to

4

Plaintiffs, Fannie Mae's document production consisted of "170 documents related to the plaintiffs' 2011 modification novation, and 118 of the documents are redacted and blotted out and concealed from the plaintiffs. ALL 170 documents has [sic] a red stamp at the bottom of each page as shown." *Id.* at p. 2. Plaintiffs and counsel for Fannie Mae conferred, and Plaintiffs did not accept Fannie Mae's counsel's representation that the redacted information related to other loans that were part of Plaintiffs' loan pool when Plaintiffs' loan was sold to Fannie Mae." *Id.* Counsel for Fannie Mae also represented to Plaintiffs that the "10 document requests" in Plaintiffs' subpoena did not request any payment records. *Id.* Plaintiffs request that the Court compel Fannie Mae to respond to all 17 requests listed in the subpoena and produce unredacted copies of the documents already produced (except that Fannie Mae should be able to redact confidential information that solely relates to other loans). *Id.* at p. 4.

In response, Fannie Mae represents that, when it responded to the subpoena, Fannie Mae believed that the subpoena served on it by Plaintiffs only contained ten documents requests. [DE 102, p. 2]. However, Fannie Mae discovered after Plaintiffs filed their Motion to Compel that, due to inadvertent mistake, page 5 of the subpoena containing requests 11-17 had been misplaced by the mail processing facility. *Id.* Fannie Mae also clarifies that it produced 170 pages of documents to Plaintiffs on August 20, 2019, and that these documents "were the only documents Fannie Mae has that were responsive to Document Request Nos. 1-10." *Id.* On September 11, 2019, Fannie Mae also produced "an additional approximately 1,586 pages of documents to the Dixons which may be responsive to Request Nos. 11-17." *Id.* Finally, Fannie Mae argues that, if Plaintiffs have additional questions about the documents that have been produced, Plaintiffs may notice Fannie Mae for a deposition. *Id.* at p. 4.

Attached to Fannie Mae's Response is the Affidavit of David K. Greene [DE 102-1][1]. Mr. Greene is an Associate General Counsel for Fannie Mae. *Id.* at ¶ 5. Mr. Greene specifically describes how a page of the subpoena was misplaced. *Id.* at ¶¶ 6-13. He also avers that he has "reviewed all 17 of the Dixons' Documents Requests, and that the Produced Documents are the only documents Fannie Mae has identified that are responsive thereto." *Id.* at ¶ 16.

The Court has carefully reviewed the Motion [DE 92] and Response [DE 102] and finds that the Motion to Compel should be denied. In Fannie Mae's Response and in the Affidavit of David K. Greene, Fannie Mae explained why it initially only responded to a portion of the subpoena and established that Fannie Mae has remedied the problem by producing additional documents. It does not appear to the Court that Fannie Mae intentionally withheld documents. Fannie Mae has also explained that it originally produced 170 pages of documents and that its reference to 183 pages of documents in a court filing was a scrivener's error. Fannie Mae has produced all relevant, responsive documents, and Plaintiffs have not been prejudiced. At this point, there is no basis to grant Plaintiffs' Motion to Compel.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion for In Camera Review [DE 91] is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that the Court did conduct an *in camera* review of the documents at issue. The motion is denied in all other respects as the redacted portions of the documents contain irrelevant information.

2. Plaintiffs' Motion to Compel [DE 92] is **DENIED**.

3. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiffs,

---

[1] The same Affidavit was filed again at Docket Entry 104.

Roy J. Dixon, Jr., and Blanche L. Dixon, at 163 Riviera Court, Royal Palm Beach, FL 33411.

**DONE and ORDERED** in Chambers this 1ST day of October, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE