UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 19-80022-CIV-Marra/Matthewman

ROY J. DIXON, JR. and BLANCHE L. DIXON,

    Plaintiffs,

vs.

BANK OF AMERICA, N.A., as successor by
merger to BAC HOME LOANS SERVICING, LP,

    Defendant.

_____/



## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS [DE 94]

**THIS CAUSE** is before the Court upon Plaintiffs, Roy J. Dixon Jr. and Blanche L. Dixon's ("Plaintiffs") Motion to Compel Production of Documents Responsive to Plaintiffs' First Request for Documents [DE 94]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 71. Defendant, Bank of America, N.A. ("Defendant"), has filed a Notice of Serving Responses and Objections to Plaintiffs' Amended Requests for Production of Documents [DE 95], a Notice of Serving Responses and Objections to Plaintiffs' Amended First Set of Interrogatories to Defendants [DE 96], and a Response to Plaintiffs' Motion to Compel [DE 105]. Plaintiffs have filed a Reply [DE 110]. This matter is now ripe for review.

### I.     BACKGROUND

On February 6, 2019, Plaintiffs filed their Verified Amended Complaint [DE 4]. On July 3, 2019, Judge Marra entered an Order and Opinion on Third Motion to Amend. [DE 59]. He

1

dismissed several of Plaintiffs' claims with prejudice and provided Plaintiffs with one final opportunity to amend their complaint. *Id.* at p. 31. Judge Marra specified that Plaintiffs' Second Amended Complaint could only allege counts of a violation of the Fair Debt Collection Practices Act, civil theft, and/or quiet title. *Id.* In their Second Amended Complaint, Plaintiffs allege a violation of the Fair Debt Collection Act (Count 1) and civil theft under Florida law (Count 2) against Defendant. [DE 69]. Defendant has filed a Motion to Dismiss [DE 83], which remains pending. The Motion to Dismiss is fully briefed.

After Plaintiffs served their First Set of Interrogatories, Defendant conferred with Plaintiff in an effort to "narrow the discovery requests and address deficiencies therein." [DE 95, p. 1, f.n. 1]. Plaintiffs then served upon Defendant their Amended First Requests for Production of Documents and their Amended First Set of Interrogatories on July 31, 2018. *See* DEs 95, 96. Upon receipt of Defendant's August 30, 2019 discovery responses, Plaintiffs filed their Motion [DE 94][1].

In the Motion, Plaintiffs explain that Defendant objected to every document request and refused to answer all interrogatories on the basis that the discovery requests sought irrelevant information. [DE 94, p. 1]. Plaintiffs contend that the discovery sought is necessary to support their response in opposition to Defendant's motion to dismiss. *Id.* at p. 2.

In response, Defendant argues that Plaintiffs' discovery requests are yet another "improper effort to collaterally attack a state foreclosure action" and that the requests have "no basis in or relevancy to the claims Plaintiffs attempt to assert in the Second Amended Complaint." [DE 105, p. 1]. Defendant asserts that the discovery sought is not relevant to the Motion to Dismiss because

---

[1] While the Motion's title only seeks better responses to requests for documents, in the body of the motion, Plaintiffs request that the Court also compel interrogatory responses. [DE 94, pp. 1-2].

the Court is limited to the four corners of the Second Amended Complaint in ruling on the Motion to Dismiss. *Id.* at p. 2. According to Defendant, Plaintiffs' Motion fails to comply with Local Rule 26.1(g)(2). *Id.* at p. 3.

In reply, Plaintiffs first object to Defendant's Response on the basis that attorney Reid Alan Schaeffer never filed a Notice of Appearance on Defendant's behalf in this case. [DE 110, p. 1]. Next, Plaintiffs seek leave to file a Third Amended Complaint "to add a cause of action under FS 494.00296 against Bana [sic] and claim against nonparty Fannie Mae." *Id.* at p. 4.

## II. <u>DISCUSSION</u>

Defendant has made specific objections to each discovery request. Defendant objects to several discovery requests on the basis that they are vague, ambiguous, overboard, or unduly burdensome. *See* DEs 95 and 96. Additionally, Defendant objects to the vast majority of the requests on the basis that the discovery requests seek irrelevant information.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit. It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules. Fed. R. Civ. P. 26(b)(1). However, Rule 26(b) allows discovery "through increased reliance on the commonsense concept of proportionality." *In re: Takata Airbag Prod. Liab. Litig.*, 15–2599–MD–Moreno, 2016 WL 1460143, at *2 (S.D. Fla. Mar. 1, 2016) (quoting Chief Justice John Roberts, 2075 *Year–End Report on the Federal Judiciary 6* (2015)); *Reuter v. Physicians Cas. Risk*

*Retention Group*, No. 16-80581-CV, 2017 WL 395242, (S.D. Fla. 2017). "Proportionality requires counsel and the court to consider whether relevant information is discoverable in view of the needs of the case." *Tiger v. Dynamic Sports Nutrition, LLC*, Case No. 6:15-cv-1701-ORL-41TBS, 2016 WL 1408098, at *2 (M.D. Fla. Apr. 11, 2016).

"The respondent bears the burden of establishing a lack of relevancy or some other basis for resisting production." *Glatter v. MSC Cruises S.A.*, No. 18-62219-CIV, 2019 WL 1300896, at *2 (S.D. Fla. Feb. 7, 2019); *see also Broadbandone, Inc. v. Host.net, Inc.*, No. 12-80604-CIV, 2013 WL 12096358, at *1 (S.D. Fla. May 30, 2013); *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV-Gold, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001). In other words, the respondent "must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure." *Jeld-Wen, Inc. v. Nebula Glass Int'l, Inc.*, No. 05-60860-CIV, 2007 WL 1526649, at *2 (S.D. Fla. May 22, 2007) (citing *Giardina v. Lockheed Martin Corp.*, No. Civ. A. 02-1030, 2003 WL 21276348 (E.D. La. May 30, 2003); *Gober v. City of Leesburg*, 197 F.R.D. 519 (M.D. Fla. 2000)).

The Court has carefully reviewed the Motion, Response, Reply, and Plaintiff's discovery requests and Defendant's responses and objections thereto. As explained above, Judge Marra previously limited and specified the causes of action that Plaintiffs could plead in their Second Amended Complaint. Plaintiffs then only alleged civil theft under Florida law and a violation of the Fair Debt Collection Practices Act against Defendant in the Second Amended Complaint.

Plaintiffs claim that the discovery sought is relevant and necessary to assist them in fully

4

responding to the pending motion to dismiss. This argument is without merit for two reasons. First, the motion to dismiss is already fully briefed. Second, the argument in the motion to dismiss is that Plaintiffs' Second Amended Complaint fails to plead sufficient facts to state a claim that is plausible on its face. [DE 83, p. 4]. Thus, no information outside of the four corners of the Second Amended Complaint is relevant.

In light of the fact that only FDCPA and civil theft claims remain pending against Defendant, the Court finds that Defendant has successfully established a lack of relevancy for each discovery request for which Defendant objected on the basis of relevancy. The vast majority of the discovery requests do appear to be an attempt by Plaintiffs to gather information to collaterally attack a state foreclosure action; such discovery requests seek irrelevant and disproportionate information.[2]

Additionally, some of the discovery requests are difficult to decipher or are overbroad or overly burdensome. Defendant has properly provided specific objections to each such request. In sum, Defendant has asserted an appropriate basis in each of its responses and objections to each interrogatory and request for production propounded by Plaintiffs.[3]

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Compel Production of Documents Responsive to Plaintiffs' First

---

[2] The Court alerted the parties to this issue in its Order Denying Federal National Mortgage Association's Motion to Quash Subpoena [DE 82]. The third-party subpoena sought discovery that is similar in nature to the discovery sought in Plaintiffs' Interrogatories and Requests for Production currently at issue. The Court explained in its August 9, 2019 Order that it "has some doubts about whether the subpoenaed information is actually relevant and proportional in light of the allegations in the Second Amended Complaint." *Id.* at p. 4. However, the Court denied the motion to quash because Fannie Mae had waived any arguments as to overbreadth, burdensomeness, relevance, and proportionality. *Id.* Here, Defendant has not waived such objections.

[3] To the extent that Plaintiffs object to Defendant's Response on the basis that Attorney Reid Alan Schaeffer never filed a Notice of Appearance on Defendant's behalf, that objection is rejected. Mr. Schaeffer does appear on the court docket in this case, and his signing the Response [DE 105] was perfectly proper.

Request for Documents [DE 94] is **GRANTED IN PART AND DENIED IN PART**.

2. This Motion is GRANTED to the extent that the Court will require Defendant to respond to Interrogatory #1, as amended by the Court as follows. As written in the discovery propounded by Plaintiffs, Interrogatory #1 requests identification of "all persons having material knowledge of the facts and circumstances of this case including their last known address and telephone number", as well as a summary of "what knowledge each such person has." [DE 96, p. 2]. Plaintiffs are entitled to information that will help them identify prospective witnesses in this case. Therefore, on or before **October 21, 2019**, Defendant shall identify "all persons that Defendant and/or its attorney believe(s) may have any knowledge or information concerning the facts and circumstances surrounding the incidents described in the pending Second Amended Complaint." *See Bush v. Gulf Coast Elec. Co-op.*, No. 5:13-CV-369-RS-GRJ, 2015 WL 3422336, at *2 (N.D. Fla. May 27, 2015) ("This is a standard interrogatory, included in most civil cases, which is designed to [ensure] that material witnesses are identified so that counsel can determine whether discovery or investigation needs to be initiated with regard to those witnesses."). Defendant shall also provide contact information for these individuals, to the extent that Defendant has such contact information in its possession, custody, or control.

3. The Motion is DENIED in all other respects. However, this denial is without prejudice to Plaintiffs having the ability, if necessary, to serve amended discovery requests that seek relevant and proportionate information and are not unduly burdensome, vague, ambiguous or overbroad, if they can do so in a timely manner and if they comply with

all applicable rules and orders, including S.D. Fla. L.R. 26.1 and the Court's Order Setting Discovery Procedure [DE 74]. That is, Plaintiffs must abide by the December 11, 2019 discovery cutoff in this case and all applicable rules and orders.

4. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiffs, Roy J. Dixon, Jr., and Blanche L. Dixon, at 163 Riviera Court, Royal Palm Beach, FL 33411.

**DONE and ORDERED** in Chambers this 8th day of October, 2019, at West Palm Beach, Palm Beach County in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE